NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0278n.06

No. 24-3811

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 06, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| DAWN MABRY-SCHLICHER, | ) | |
| Plaintiff-Appellant, | ) ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | OHIO |
| Defendant-Appellee. | ) ) | OPINION |
| | ) | |

Before: CLAY, KETHLEDGE, and STRANCH, Circuit Judges.

**JANE B. STRANCH, Circuit Judge.** Dawn Mabry-Schlicher applied for disability benefits based on severe anxiety and depression, among other disabilities. After the Social Security Administration (SSA) rejected the application, the district court remanded the application to the agency with instructions to further consider medical testimony regarding Mabry-Schlicher's social impairments. On remand, the SSA again rejected Mabry-Schlicher's application, and the district court affirmed. Mabry-Schlicher contends that the SSA failed to comply with the district court's remand order and ignored important vocational testimony. For the reasons set forth below, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

Mabry-Schlicher alleges disability secondary to various impairments, including, among other things, depression, anxiety, fibromyalgia, obesity, foot injury and degeneration, and recurrent migraines. Because of her mental disabilities and migraines, Mabry-Schlicher has difficulty

interacting with others and is wary of leaving her home. She also struggles with mobility and experiences frequent pain due to her physical disabilities.

Mabry-Schlicher applied to the SSA for disability insurance benefits (DIB) and supplemental security income (SSI) in May 2015. In evaluating her application, the agency reviewed copies of Mabry-Schlicher's medical records, as well as various expert evaluations and opinions. These included a psychological evaluation from Dr. Giovanni M. Bonds, who found that Mabry-Schlicher "avoid[s] people and socializing with them" and "would have difficulty working around many people." R. 7-7, PageID 407. Another psychologist, Dr. Karen Steiger, also conducted an evaluation, determining that Mabry-Schlicher's ability to interact with coworkers was "[m]oderately limited," and that any such interaction should be kept to "a superficial level," while "contact with the general public should be kept to a limited basis." R. 7-3, PageID 119. Two other psychologists, Dr. Joseph Edwards and Dr. Courtney Zeune, similarly determined that Mabry-Schlicher was "[m]oderately limited" in her ability to interact with coworkers, but remained capable of "infrequent, superficial interactions" with others. *Id.* at PageID 149, 182.

The SSA denied the May 2015 claim, concluding that Mabry-Schlicher was not "disabled" within the meaning of the Social Security Act. Seeking reversal of the denial, Mabry-Schlicher requested a hearing before an administrative law judge (ALJ), which was held on October 3, 2017. At the hearing, the ALJ heard testimony from Mabry-Schlicher, as well as a vocational expert, Karen Schneider. Schneider testified that it is "important" that all employees "respond appropriately to instructions and accept supervisor criticism," and stated that she would not characterize supervisory criticism as "superficial." R. 7-2, PageID 102. The ALJ denied the

claim, and Mabry-Schlicher appealed to the district court. On the joint motion of the parties, the district court remanded the case to the SSA for further proceedings.

On remand, the case was reassigned to a new ALJ, who held a second hearing on February 5, 2020. The ALJ again heard personal testimony from Mabry-Schlicher and vocational testimony from Schneider, and concluded that Mabry-Schlicher was not disabled. Notably, the ALJ's decision discounted the opinions of the reviewing psychologists that Mabry-Schlicher maintained the ability to interact with coworkers and officials at only a "superficial" level, deeming the term "superficial" "vocationally irrelevant" and "vocationally undefined." R. 7-12, PageID 1676–77. Instead, the ALJ determined that Mabry-Schlicher could "tolerate occasional interaction with supervisors and coworkers" but "should have no interaction with the general public." *Id.* at PageID 1659.

Mabry-Schlicher appealed the case to the district court, and with the parties' consent, the case was assigned to a magistrate judge. The district court determined that the ALJ erred in rejecting the "superficial" limitation proffered by the reviewing psychologists on the ground that the term "superficial" is "vocationally irrelevant" and "vocationally undefined." The court reasoned that the limitation is both well-defined in the Social Security context and highly relevant to a claimant's vocational profile. The court further determined that limiting Mabry-Schlicher to "occasional" interaction with coworkers and supervisors failed to address the "superficial" limitation because "occasional" and "superficial" are distinct terms, with the former referring to quantity of interactions and the latter referring to quality of interactions. Because the ALJ relied on an impermissible basis in discounting the limitation, and therefore did not assess whether the limitation was supported by the record evidence, the court remanded the case to the ALJ for further consideration and explanation regarding the limitation.

On remand, the ALJ reevaluated the evidence, including the "superficial" limitation proffered by the reviewing psychologists. Deeming the term "superficial" to be "vocationally vague," the ALJ determined that the psychologists' proposed limitation to "superficial" interaction "require[d] additional social restrictions in the residual functional capacity for clarity." R. 7-20, PageID 3098. The ALJ then found:

> [Mabry-Schlicher] is limited to superficial contact with coworkers and supervisors with "superficial contact" defined as retaining the ability to receive simple instructions, ask simple questions, and receive performance appraisals but as lacking the ability to engage in more complex social interactions such as persuading other people or rendering advice. She is limited to no interaction with the general public and no jobs involving teamwork or tandem tasks.

*Id.* at PageID 3104–05. The ALJ also held a third hearing, again hearing personal testimony from Mabry-Schlicher, as well as testimony from a new vocational expert, Marie Barhydt, who opined that an individual with Mabry-Schlicher's profile could perform three categories of occupations that exist in significant numbers in the national economy. The ALJ concluded that Mabry-Schlicher was "capable of making a successful adjustment to other work" and was, therefore, "not disabled" under the Social Security Act. *Id.* at PageID 3106.

Mabry-Schlicher appealed that third decision ("the Decision") to the district court. With the parties' consent, the case was assigned to a magistrate judge. Mabry-Schlicher argued, among other things, that the ALJ (1) violated the prior remand order by deeming the term "superficial" to be "vocationally vague" and, in turn, by impermissibly narrowing the "superficial" limitation, and (2) failed to account for vocational testimony regarding supervisory criticism.

The district court rejected Mabry-Schlicher's arguments. First, the court disagreed with the prior remand order, expressly rejecting "the notion that an ALJ's translation of a psychological opinion endorsing 'superficial' interactions into [a residual functioning capacity] that permits 'occasional' interactions is incompatible or inconsistent with that psychological opinion." R. 14,

PageID 4119. The court further held that the Decision nonetheless adequately complied with the prior remand order because it "explicitly adopted a new 'superficial contact' limitation" and "defined that phrase in qualitative vocational terms, . . . add[ing] additional [social] restrictions." *Id.* at PageID 4122. Finally, the court rejected Mabry-Schlicher's contention that the ALJ failed to consider vocational testimony regarding supervisory criticism, deeming the testimony largely irrelevant and noting that an ALJ need not address every piece of evidence in the record. Finding no error, the district court affirmed the ALJ's decision. Mabry-Schlicher timely appealed.

## II. ANALYSIS

We review the district court's decision denying disability benefits de novo. *Hamilton v. Comm'r of Soc. Sec.*, 98 F.4th 800, 803 (6th Cir. 2024). That review, however, "is limited to determining whether the [ALJ's] decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). "The substantial-evidence standard is met if a 'reasonable mind might accept the relevant evidence as adequate to support a conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004)). This standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Id.* (quoting *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Accordingly, if substantial evidence supports the ALJ's decision, the court must defer to that decision, even if we may have reached a different decision had the case been before us de novo. *Id.*

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment."

42 U.S.C. § 423(d)(1)(A). The SSA has, in turn, promulgated regulations establishing "a five-step sequential evaluation process for determining whether an individual is disabled" and thus entitled to disability benefits. *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. § 404.1520(a)). To reach a finding of disability, the ALJ must determine, under the first two steps, that the claimant (1) is not doing substantial gainful activity, and (2) has a severe medically determinable physical or mental impairment. *Id.* If so, the analysis proceeds to step three, at which the ALJ must assess whether the claimant's impairment meets or medically equals a specified list of impairments in the applicable regulations. *Id.* If it does, the claimant is "disabled" within the meaning of the Act; if it does not, the analysis proceeds to step four. *Id.* Before proceeding to that step, however, the ALJ must first determine a claimant's "residual functioning capacity" (RFC), which represents a claimant's capacity to engage in work activities despite the limitations caused by her impairments. *See id.*; 20 C.F.R. § 416.920(a)(4); 20 C.F.R. § 416.945(a)(1). Then, at step four, the ALJ must determine whether the claimant is able to engage in her past relevant work. *Rabbers*, 582 F.3d at 652. If the claimant cannot, the analysis proceeds to the fifth and final step, which requires an assessment of whether the claimant is able to perform any other work, in light of her RFC and other pertinent factors. *Id.* If she cannot, she is "disabled" within the meaning of the Act and is entitled to disability benefits. *Id.*

In his Decision, the ALJ found, under the first three steps, that Mabry-Schlicher is not engaged in substantial gainful activity and suffers from physical and mental impairments that, while severe, do not meet or medically equal any of the listed impairments in the applicable regulations—findings that Mabry-Schlicher does not contest on appeal. The ALJ then determined that Mabry-Schlicher's RFC allowed her to engage in "sedentary work" involving "simple, routine tasks," with only "superficial contact with coworkers and supervisors," defined as "retaining the

ability to receive simple instructions, ask simple questions, and receive performance appraisals but as lacking the ability to engage in more complex social interactions" or interact with the public. R. 7-20, PageID 3078–79. Based on this RFC, the ALJ concluded that Mabry-Schlicher could not engage in her past relevant work but could still perform three categories of unskilled occupations that exist in significant numbers in the national economy, meaning she is not "disabled" within the meaning of the Act.

Mabry-Schlicher challenges the ALJ's mental RFC finding, as well as the resulting determination under step five that she can still perform work in the national economy. She argues that (1) the ALJ's analysis of the superficial contact limitation failed to comply with the district court's remand order and was impermissibly narrow, and (2) the ALJ erred by failing to address vocational testimony highlighted in the district court's remand order. We address each argument in turn.

### A.      Superficial Contact Limitation

Mabry-Schlicher first contends that the ALJ's Decision failed to comply with the district court's remand order because, although it purportedly adopted a "superficial" contact limitation, it impermissibly undermined the limitation by deeming the term "superficial" to be "vocationally vague" and "unreasonabl[y] narrowing . . . the superficial contact restriction opined [by] the agency's mental health consultants." Appellant Br. 2, 6–15.

Administrative agencies are generally obligated to follow federal court orders. *Youghiogheny & Ohio Coal Co. v. Milliken*, 200 F.3d 942, 950 (6th Cir. 1999). In its 2022 remand order, the district court determined that the ALJ erred by failing to adopt, or explain why he did not adopt, a limitation to only "superficial" contact with supervisors and coworkers. In 2024, following remand and the ALJ's issuance of a new decision, the district court—with a new

presiding magistrate judge—upheld the Decision on the grounds that (1) the rationale of the 2022 remand order was erroneous, and (2) in any event, the ALJ complied with the remand order.

We agree with Mabry-Schlicher that the first ground did not provide a legally permissible basis to uphold the Decision. "[W]hen a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983). The 2022 remand order established the "law of the case" that "superficial" contact is not only relevant, but also distinguishable from "occasional" contact, and that an ALJ errs when he or she rejects the term "superficial" as "vocationally undefined" and "vocationally irrelevant." *See id.* at 618–19. It was, therefore, not appropriate for the district court to cite its disagreement with its predecessor's holding as a basis to uphold the Decision.

The district court was on firmer ground, however, in concluding that the Decision nonetheless complied with the remand order. On remand, the ALJ set aside his prior conclusion that the term "superficial" was "vocationally undefined" and "irrelevant," pursuant to the district court's prior order, and expressly adopted a "superficial" contact limitation. True, the ALJ found the term "vocationally vague" and concluded that it warranted "additional social restrictions in the residual functional capacity for clarity." R. 7-20, PageID 3098–99. But those findings do not conflict with the remand order. The remand order did not provide a precise definition or enumerate specific criteria to satisfy a "superficial" contact limitation. Nor, for that matter, do the psychological evaluations or any SSA regulations or guidance. Rather, the remand order simply held that "superficial" interaction is distinct from "occasional" interaction because the latter refers to the quantity of interactions, while the former refers to the quality of interactions. The ALJ recognized this distinction when he incorporated a "superficial" contact limitation into the RFC determination, finding that Mabry-Schlicher retained "the ability to receive simple instructions,

ask simple questions, and receive performance appraisals" but lacked "the ability to engage in more complex social interactions such as persuading other people or rendering advice." *Id.* at PageID 3104–05. These social restrictions relate to the quality and character of social interaction, rather than mere duration of interaction, and thus comport with the remand order.

Mabry-Schlicher also appears to argue that the ALJ independently erred by imposing a "superficial" contact limitation that relies on social restrictions that "are narrower" than the reviewing psychologists' "broad[] preclu[sion] [of] any and all workplace interaction which is more than superficial." Appellant Br. at 13–14. But an ALJ is not required to adopt a psychologist's limitations wholesale. *See Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015). More importantly, as discussed, the reviewing psychologists never elaborated on the meaning of the term in their opinions. The remand order and applicable regulations and guidance also lack any specific definition or list of criteria regarding "superficial" workplace interaction. Lacking extensive guidance, the ALJ delineated specific social restrictions based on his understanding of what a "superficial" contact limitation requires in this context. Mabry-Schlicher does not offer developed argumentation that any of these specific restrictions are unsupported by substantial evidence or otherwise unreasonable. Accordingly, we cannot conclude that the ALJ erred on this basis.

### B. Vocational Testimony

Mabry-Schlicher also asserts that the ALJ erred by failing to address 2017 hearing testimony from a vocational expert in which the expert opined that it is "important that all employees are able to respond appropriately to instructions and accept supervisor criticism," and that "supervisor criticism" is not "superficial." R. 7-2, PageID 102.

An ALJ need not address every piece of evidence in the record. *Loral Def. Sys.-Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. 1999). Although Mabry-Schlicher acknowledges this principle, she nonetheless argues that, because the remand order highlighted this vocational testimony, the testimony "was rendered acutely significant," thereby requiring the ALJ to address the evidence on remand. Appellant Br. 17. But that misreads the remand order. The remand order did not mandate that the ALJ consider this testimony. Instead, it cited the vocational expert's testimony to emphasize why the concept of "superficial" interaction is vocationally relevant, and why it was error for the ALJ to conclude otherwise. As discussed, the ALJ complied with the remand order by acknowledging the relevance of the "superficial" limitation and incorporating it into the RFC findings and the hypothetical posed to the 2023 vocational expert. Mabry-Schlicher does not offer any developed argumentation that any specific RFC findings—including the findings that she is able to "receive simple instructions" and "receive performance appraisals"—are unsupported by substantial evidence in the record.[1] R. 7-20, PageID 3104–05. Thus, the ALJ did not violate the remand order or otherwise err by omitting discussion of this vocational testimony.

Finally, Mabry-Schlicher argues that the ALJ's Decision "is drafted as if only the most recent vocational expert's testimony exists in the record." Appellant Br. 17. As she sees it, the Decision's repeated reference to "the vocational expert"—that is, the expert who testified at the third and most recent hearing—and lack of any explicit mention of the expert who testified at the prior two hearings, indicates that the ALJ did not, in fact, consider the 2017 vocational testimony in reaching the Decision. But the ALJ's manner of describing the most recent vocational testimony, while perhaps inartful, is insufficient, by itself, to raise the inference that the ALJ

---

[1] To the contrary, the ALJ's Decision discussed, among other things, Mabry-Schlicher's capacity to receive and follow instructions, citing psychological evaluations from medical professionals and function reports.

outright ignored the 2017 vocational testimony. Indeed, the ALJ expressly acknowledged the prior hearings, including the 2017 hearing in which the vocational expert rendered the testimony highlighted in the 2022 remand order, in the Decision. Thus, we cannot conclude that the ALJ erred on this basis.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court.